UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                      No. 02-4299

JOSEPH LEE FRYE,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-01-17)

Submitted: November 21, 2002

Decided: December 2, 2002

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Charleston, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Lee Frye pled guilty pursuant to a plea agreement to being a convicted felon in possession of ammunition that had been transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1) (2000). Frye's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal.

Frye signed a written plea agreement in which he agreed to waive the right to appeal any sentence that was within the statutory maximum provided for the offense of conviction. A waiver of appeal provision in a valid plea agreement is enforceable if it results from a knowing and intelligent decision to forego an appeal. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). A waiver is ineffective if the district court fails to question the defendant about it, *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). We review de novo the validity of a waiver. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000).

Here, Frye signed the plea agreement, agreeing to waive the right to challenge the sentence with the stated exception. The Government summarized the plea agreement at the Fed. R. Crim. P. 11 hearing. In response to the district court's inquiry, Frye agreed that the right to appeal his conviction and sentence was expressly waived in the plea agreement. He did not express dissatisfaction with counsel's services. On this record, we find that Frye's waiver was knowingly and intelligently made. We therefore dismiss the appeal.

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. We therefore dismiss the appeal. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*